UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| PETROQUEST ENERGY, INC., *et al.*, | § Case No. 18-36322 (DRJ) |
| | § |
| Debtors.¹ | § (Jointly Administered) |
| | § |

**SECOND EMERGENCY MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 30, 2019, AT 1:00 P.M. IN COURTROOM 400, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**TO THE HONORABLE DAVID R. JONES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

PetroQuest Energy, Inc. and certain of its affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), file this *Second*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: PetroQuest Energy, Inc. (0714), PetroQuest Energy, L.L.C. (2439), TDC Energy LLC (8877), PetroQuest Oil & Gas, L.L.C. (1170), PQ Holdings LLC (7576), Pittrans Inc. (1747), and Sea Harvester Energy Development, L.L.C. (5903). The address of the Debtors' headquarters is: 400 E. Kaliste Saloom Road, Suite 6000, Lafayette, Louisiana 70508.

*Emergency Motion to Approve Immaterial Modifications to Debtors' First Amended Chapter 11 Plan of Reorganization* (the "Motion") in accordance with section 1127 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The predicates for the relief sought herein are Bankruptcy Code sections 105 and 1127, Bankruptcy Rule 3019, and Rule 9013-1 of the Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BASIS FOR EMERGENCY RELIEF

3. The Debtors respectfully request emergency consideration of the Motion pursuant to Bankruptcy Local Rule 9013-1(i) because the failure to approve the Motion at confirmation could force the Debtors to resolicit the Plan (as defined below), thereby delaying the confirmation hearing currently scheduled for January 30, 2019 at 1:00 p.m. prevailing Central Time. The Consenting Creditors support the relief requested in the Motion and have consented to the Court hearing the Motion on January 30, 2019 at 1:00 p.m. prevailing Central Time.

## BACKGROUND

4. On November 6, 2018 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Chapter 11 Cases are jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 20, 2018, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Creditors' Committee [Docket No. 141].

6.      On December 20, 2018, the Debtors filed their *First Amended Chapter 11 Plan of Reorganization* [Docket No. 291]. On January 3, 2019, the Debtors filed their *Third Amended Disclosure Statement for the Debtors' First Amended Chapter 11 Plan of Reorganization* [Docket No. 332], and on that same day the Court entered its *Amended Order (I) Finally Approving Disclosure Statement, (II) Approving Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, and (III) Granting Related Relief* [Docket No. 338].

7.      On January 14, 2019, the Debtors filed their *First Amended Chapter 11 Plan of Reorganization, as Immaterially Modified as of January 14, 2019* [Docket No. 375] (as modified, the "Plan)[2] to incorporate certain plan modifications. The Debtors served the Plan on the master service list on January 14, 2019.

8.      The Debtors propose to further modify the Plan by deleting Article IV.R (the "Plan Modification"). Article IV.R concerns the "Preservation of Royalty and Working Interests"[3] and provides as follows:

> Notwithstanding any other provision in the Plan, on and after the Effective Date all Royalty and Working Interests shall be fully preserved and remain in full force and effect in accordance with the terms of the relevant granting instruments or other governing

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

[3]   "Royalty and Working Interests" is defined in the Plan as "the working interests granting the right to exploit oil and gas, and certain other royalty or mineral interests including but not limited to, landowner's royalty interests, overriding royalty interests, net profit interests, non-participating royalty interests, production payments, and all rights to payment or production arising from such interests."

documents applicable to such Royalty and Working Interests, which granting instruments and governing documents shall remain in full force and effect, and no Royalty and Working Interests or any liabilities and obligations arising therefrom, including payment obligations, whether arising before or after the Petition Date, shall be compromised or discharged by the Plan.

A redline with the proposed Plan Modification is attached hereto as **Exhibit A**.

9. The Debtors believe the Plan Modification is necessary to resolve any ambiguities in the Plan that were raised by Mack Oil Co. ("Mack Oil") regarding the treatment of any unpaid Allowed prepetition Claims held by royalty and working interest owners (the "Royalty and Working Interest Claims") [Docket No. 447].[4] The Debtors believe that any unsecured Royalty and Working Interest Claims should be treated in Class 7a (General Unsecured Claims Other than Convenience Claims) and share *pro rata* in the General Unsecured Claims Distribution.

## RELIEF REQUESTED

10. Pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtors request that the Court (i) approve the Plan Modification and (ii) determine that the Plan Modification does not adversely affect the recoveries for any Holder of a Claim in Class 5 (Prepetition Second Lien Notes Secured Claims), Class 6 (Prepetition Second Lien PIK Notes Secured Claims), or Class 7 (General Unsecured Claims) that voted to accept the Plan. Thus, any creditor who voted to accept the Plan in these classes will be deemed to accept the Plan as modified and will not be entitled to change their vote.

## BASIS FOR RELIEF

11. Section 1127(a) of the Bankruptcy Code provides as follows:

---

[4] Mack Oil recently changed its position as to the treatment of its claims under the Plan. Up until last week, Mack Oil repeatedly acknowledged that any prepetition unsecured claim would be treated in Class 7 (General Unsecured Claims), including in an email from its counsel on January 3, 2019 where it stated that it "may have a 'Claim' that is a pre-petition general unsecured claim subject to the treatment provided for in the plan for Class 7 claims."

> The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

11 U.S.C. § 1127(a).

12. Bankruptcy Rule 3019 supplements section 1127(a) and provides as follows:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing and notice to the trustee, any committee appointed under the Code and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

FED. R. BANKR. P. 3019.

13. A plan of reorganization may be modified without the need for the resolicitation of votes provided that such modifications are not material and do not adversely affect the rights of creditors or other parties in interest. *See, e.g., In re R.E. Loans, LLC*, No. 11-35865 (BJH) 2012 WL 2411877, *10-11 (Bankr. N.D. Tex. 2012) (holding that all holders of claims that voted to accept the original plan were deemed to accept the modified plan because the modifications did not adversely change the treatment of any claims); *In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (noting that changes made to the plan after acceptance were "nonmaterial modifications" that did not require resolicitation of votes); *In re Am. Solar King Corp.*, 90 B.R. 808, 826 (Bankr. W.D. Tex. 1988) ("[I]f a modification does not 'materially' impact a claimant's treatment, the change is not adverse and the court may deem that prior acceptances apply to the amended plan as well."); *In re Mount Vernon Plaza Cmty. Urban Redevelopment Corp. I*, 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987) (holding that creditors that

previously accepted plan of reorganization were deemed to have accepted the modified plan because modifications did not adversely change the treatment of the claims of any creditors).

14. "The best test [to determine whether there has been an adverse change to a creditor's treatment] is whether the modification so affects ***any creditor or interest holder who accepted the plan*** that such entity, if it knew of the modification, would be likely to reconsider its acceptance." A. Resnick & H. Sommer, Collier on Bankruptcy ("Collier on Bankruptcy") ¶ 3019.01 (16th ed. 2016) (emphasis added); *see also In re Art & Architecture Books of the 21st Century*, No. 2:13-BK-14135-RK, 2016 WL 1118743, at *5 (Bankr. C.D. Cal. Mar. 18, 2016); ("Numerous courts have held that further disclosure and re-solicitation of votes on a modified plan is only required when the modification materially and adversely affects parties who previously voted for the plan."); *Am. Solar King Corp.* 171 B.R. at 824 ("A modification is *material* if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance.") (emphasis in original); *In re Mesa Air Grp., Inc.*, No. 10-10018 MG, 2011 WL 320466, at *5 (Bankr. S.D.N.Y. Jan. 20, 2011) ("[i]f the modification *adversely affects the interests of a creditor who has previously accepted the plan*, in more than a purely ministerial *de minimis* manner, that creditor should have the opportunity to reconsider and change his or her vote.") (emphasis added) (citing *In re Frontier Airlines, Inc.*, 93 B.R. 1014, 1023 (Bankr. D. Colo. 1988)); *In re Nat'l Truck Funding LLC*, 588 B.R. 175, 178 (Bankr. S.D. Miss. 2018) (same); *In re Split Second Towing & Transp. Inc.*, No. 8:08-BK-11066-MGW, 2010 WL 3385482, at *4 fn. 5 (M.D. Fla. Aug. 26, 2010) (same).

15. Several courts have applied this test and specifically held that "a creditor that has voted to reject the plan lacks standing to object to the plan's modification." *Nat'l Truck Funding*

*LLC*, 588 B.R. at 179; *In re Simplot*, No. 06-00002-TLM, 2007 WL 2479664, at *13 (Bankr. D. Idaho Aug. 28, 2007) (same); *In re Sweetwater*, 57 B.R. 354, 358 (D. Utah 1985) ("Even if the Plan was modified so extensively that the Disclosure Statement was too inadequate to support confirmation, Citicorp was not 'aggrieved' by the Bankruptcy Court's ruling to the contrary. Citicorp did not vote to accept the Plan. Citicorp rejected the Plan as proposed and has rejected it as modified. Additional disclosure would not have affected Citicorp's vote. Citicorp was not directly affected by the Bankruptcy Court's ruling that the requirements of Rule 3019 had been satisfied and has no standing to appeal from that ruling.").

16. As these cases demonstrate, both section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 are concerned with providing an opportunity for creditors that voted to accept a plan to change their vote if there is a material modification to that creditor's treatment under the plan. *See In re Am. Solar King Corp.* 90 B.R. 808 (Bankr. W.D. Tex 1988) (modification was not material and under Rule 3019 resubmission for vote was not required). That way a plan proponent cannot obtain the requisite number and amount of accepting votes only to materially change the terms of the plan after the voting deadline.

17. Here, no creditor that voted to accept the Plan will be adversely affected by the Plan Modification and the only voting creditor that may be affected by the Plan Modification is Mack Oil, who voted to reject the Plan. *See Declaration of Jane Sullivan of Epiq Corporate Restructuring, LLC, Regarding Voting and Tabulation of Ballots Cast on the Debtors' First Amended Chapter 11 Plan of Reorganization, as Immaterially Modified as of January 28, 2019* (as may be amended, modified, or supplemented, the "<u>Voting Affidavit</u>"). This Court should follow the overwhelming case law interpreting section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and hold that Mack Oil has no standing to object to the Plan Modification

and seek resolicitation because it voted to reject the Plan. In addition, the Plan Modification has no impact on the projected recovery of Classes 5, 6, or 7.

18. The Debtors included an estimate of litigation claims, which included Mack Oil's claim against the Debtors, in the calculation of recoveries for Class 7 creditors in the Disclosure Statement; thus the addition of any Royalty and Working Interest Claims in Class 7 as a result of the Plan Modification will not dilute Class 7 recoveries as projected in the Disclosure Statement or surprise the Holders of other General Unsecured Claims.

19. The Debtors also submit that, to the extent Mack Oil's claims or any other Royalty and Working Interest Claims are Allowed General Unsecured Claims, they will be treated in Class 7a (General Unsecured Claims Other than Convenience Claims) and will receive the same *pro rata* distribution as all other creditors in Class 7a. To the extent Mack Oil's claims or any other Royalty and Working Interest Claims are determined to be Allowed Secured Claims, they will be treated in Class 2 (Other Secured Claims).[5] Accordingly, the Plan Modification does not discriminate against the Royalty and Working Interest Claims in violation of section 1123(a)(4) of the Bankruptcy Code.

20. Finally, because the Debtors will establish at the confirmation hearing that the Plan satisfies the applicable sections of the Bankruptcy Code, including sections 1122 and 1123, Mack Oil's and any other creditor's only available remedy if this Court determines that the Plan Modification is material is for the Debtors to resolicit the Plan. However, even if every other Holder of a General Unsecured Claim entitled to vote on the Plan voted to reject the Plan, the Debtors would still satisfy the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code based on the accepting votes of the Holders of the Second Lien Deficiency

---

[5] The Debtors dispute all of Mack Oil's claims and reserve the right to contest the merits of their claims both in this Court and in the currently pending arbitration.

Claims, who would certainly vote to accept the Plan as modified because the Plan Modification does not impact their Claims. *See* Voting Affidavit. In other words, resolicitation would be futile because the Debtors have already obtained the necessary number and amount of accepting claims for Class 7 (General Unsecured Claims).

21. For the reasons set forth herein, the Plan Modification complies with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 because it will not (i) cause any accepting creditor to reconsider its vote on the Plan, (ii) affect the distributions to creditors, or (iii) adversely change the treatment of any creditors of the Debtors that voted to accept the Plan.

## NOTICE

22. Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the Consenting Creditors; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Indenture Trustee; (e) counsel to the Committee; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (i) any party required to be served under Bankruptcy Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court approve the modification in the Plan as set forth herein and pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and grant such other and further relief as is just and proper.

Dated: January 28, 2019
Houston, Texas

                               **PORTER HEDGES LLP**

By: */s/ John F. Higgins*
John F. Higgins (TX 09597500)
Joshua W. Wolfshohl (TX 24038592)
M. Shane Johnson (TX 24083263)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**